# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**FRANKIE DESIDERI,**

      **Plaintiff,**

  v.                                    Civil Action 2:19-cv-4958
                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Jolson

**SIMON'S AGENCY, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on two Show Cause Orders (Docs. 8, 9). In October 2019, Plaintiff filed this action in Franklin County, Ohio Municipal Court. (Doc. 1-1 at 2–3). On November 8, 2019, Defendant removed to this Court, (*see* Doc. 1), and subsequently filed a Motion for Judgment on the Pleadings, (Doc. 5).

On February 25, 2020, the Court issued its First Show Cause Order:

> This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (Doc. 5). Defendant filed its Motion on January 3, 2020. The deadline for Plaintiff to respond was January 24, 2020, and no response has been filed. On or before March 6, 2020, Plaintiff is, therefore, **ORDERED** to show cause why this case should not be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41.

(Doc. 8). After the First Show Cause Order's deadline passed without a response from Plaintiff, the Court issued its Second Show Cause Order, which granted Plaintiff an additional week in which to file a response. (Doc. 9). The Court emphasized that, "**[b]ecause Plaintiff has not taken any action since October 2019 to prosecute this case, the Court may dismiss this case for want of**

**prosecution if Plaintiff does not file a response.**" (*Id.*). Plaintiff has again failed to file a response.

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, since filing this action in state court in October 2019, Plaintiff has refused to litigate this action despite the Undersigned's repeated efforts, (*see generally* Docs. 8, 9). He has failed to respond to Defendant's dispositive motion and this Court's Show Cause Orders. This is true despite the Undersigned warning him that his failure to cooperate would lead to the dismissal of

this action.

In view of the foregoing, the Undersigned concludes that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** that this case be dismissed for want of prosecution.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the

decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474

U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:   March 26, 2020                                  /s/ Kimberly A. Jolson
                                                                KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE